IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF DESCHUTES

BENJAMIN MICHAEL RAMSEY and PATRICIA R. RAMSEY,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

Case No. 26CV46068

**SUMMONS**

TO: State Farm Fire and Casualty Company
c/o Corporation Service Company, Registered Agent
1127 Broadway Street, Suite 310
Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Nicholas A. Thede, OSB No. 075460
ATTORNEY'S/AUTHOR'S NAME (TYPED OR PRINTED) BAR NO. (IF ANY)

3519 NE 15th Avenue, #489
ADDRESS

Portland, Oregon 97212; (503) 206-5824
CITY STATE ZIP PHONE

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the compliant mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.477.4693

8/31/2026 8:37 AM
26CV46068

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**IN AND FOR THE COUNTY OF DESCHUTES**

| | |
|---|---|
| BENJAMIN MICHAEL RAMSEY and PATRICIA R. RAMSEY,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT (Breach of Contract, Breach of the Implied Covenant of Good Faith, Negligence)**<br><br>PRAYER: $360,023.92<br><br>Fee Authority: $594.00 (ORS 21.160(1)(c))<br><br>**Not Subject to Mandatory Arbitration**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, plaintiffs Benjamin Michael Ramsey and Patricia R. Ramsey, and for their claims against defendant State Farm Fire and Casualty Company, allege as follows:

**PARTIES**

1. Plaintiffs Benjamin Michael Ramsey and Patricia R. Ramsey (the "Ramseys" or "Plaintiffs") are individuals that, at all times material to this action, owned the residential property located at 63164 Desert Sage St., Bend, Oregon 97701-7710 ("the Property").

2. Defendant State Farm Fire and Casualty Company ("State Farm") is a domestic insurance company that, at all times material to this action, was licensed and authorized to issue insurance policies covering property in Deschutes County, Oregon, including the insurance policy at issue in this lawsuit.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

## FACTUAL ALLEGATIONS

3. State Farm sold the Ramseys a homeowners property insurance policy, numbered 37-B2-U079-6, which was effective from August 28, 2025, to August 28, 2026 (the "Policy").

4. The Policy covered the Property, subject to the terms, conditions, limitations, and exclusions set forth therein.

5. The Policy was issued for valuable consideration in the form of premiums.

6. The Ramseys paid all premiums as they became due.

7. The Ramseys are elderly, live on a fixed income, and they are both experiencing significant health-related issues. The Property has been outfitted with features to assist the Ramseys with their health problems. Prior to the Loss, they lived at the Property with their daughter, son-in-law, and their two grandchildren.

8. On or about October 3, 2025, while the Policy was in full force and effect, the Property sustained widespread damage due to the sudden and accidental release of water (the "Loss"). The Loss caused extensive damage throughout the Property, and it rendered the Property uninhabitable.

9. The Policy covers the damage to the Property caused by the Loss, along with any damage to personal property and any loss of use / additional living expenses ("LOU") resulting from the Loss.

10. The Ramseys submitted to State Farm a claim under the Policy for the cost of repairing the damage to the Property resulting from the Loss, for damage and/or the cost to move, clean and store personal property, and for LOU resulting from the Loss. The claim was formally designated by State Farm as Claim No. 37-91D0-96T (the "Claim").

11. State Farm accepted coverage under the Policy for the Claim.

12. Pursuant to the terms of the Policy, State Farm owes the Ramseys the commercially reasonable and necessary amount needed to restore the Property to its pre-Loss condition. The Policy covers the cost to repair covered damage to the Property's dwelling up to $784,500, with



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

an additional $156,900 for increased dwelling and $78,450 in coverage for costs that fall within the "Ordinance or Law" provision in the Policy. The Policy also includes $588,375 in coverage for damages under the "Personal Property" provisions of the Policy, and $235,350 in coverage under the LOU provision.

13. Following the Loss, the Ramseys retained a locally licensed mitigation contractor, Central Oregon Disaster Restoration ("CODR"), to perform Category III water mitigation work to the Property. CODR did not perform all necessary demolition of the dwelling, nor did CODR perform any pack-out, storage, or pack-back of the Ramseys' personal property. State Farm agreed to and paid CODR's complete invoice of $125,472.74. The CODR invoice is not currently in dispute in this lawsuit.

14. The Ramseys then retained a locally licensed contractor, Linnius Construction ("Linnius"), to restore the Property to pre-Loss condition. Linnius was also retained to pack-out, clean, and store the Ramseys' contents that were damaged as a result of the Loss. The repairs to the Property are ongoing, but the current estimated commercially reasonable cost to repair the damage to the Property and to pack-out, clean, store, and pack-back contents caused by the Loss is $315,378.07. The specific amount needed to completely repair the Property to its pre-Loss condition will be provided upon completion of construction and supplemented during discovery in this matter.

15. The Ramseys provided the Linnius estimate, invoices, and other documentation to State Farm as part of its investigation and adjustment of the Claim. Linnius' estimated cost of repairs constitutes the commercially reasonable and necessary cost of repairs.

16. After significant delays and cycling through multiple adjusters assigned to the Claim, in July 2026, State Farm prepared an internal "desk adjustment" estimate of the cost to repair the Property. The estimate determined the total cost to repair the damage to the Property was $175,354.15, and State Farm paid the Ramseys consistent with this estimate, less the $1,000 deductible. State Farm has paid $0.00 towards the pack-out, cleaning, storage, and pack-back of



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

the Ramseys' contents.

17. Based on the Linnius invoices and estimate to date, State Farm has underpaid the Ramseys by at least $140,023.92 toward the cost to repair the damage to the Property. State Farm's underpayment of the Claim constitutes a breach of the Policy.

18. State Farm refuses to work with the Ramseys or Linnius to come to an agreement on the scope of work necessitated by the Loss or the cost to repair the Property to its pre-Loss condition. State Farm refused to and/or delayed in providing the Ramseys with the information it relies upon in its adjustment.

19. State Farm's delays, underpayment, and refusal to adjust the claim and work with the Ramseys and their contractor has caused significant delays in the construction timeline.

20. The Ramseys want to move back into the Property to live out the rest of their lives at the Property. Moreover, they have experienced significant hardship being away from the Property, which was specifically outfitted for their condition. However, due to State Farm's breach of the Policy, they are not currently able to fully fund all necessary repairs from the Loss, and there is no end in sight.

21. Due to State Farm's breach of the Policy, the Ramseys were forced to liquidate $50,000 in investments to fund ongoing repairs. The sale caused tax implications and other penalties in amounts to be determined and proven with specificity at the time of trial. The damages were reasonably foreseeable to a property insurance company, such as State Farm, at the time it mishandled the Ramseys' Claim as detailed herein.

22. The Ramseys are entitled under the terms of the Policy to any LOU incurred because of the Loss, including through the reasonable period of repairing the Property. As of the filing of this Complaint, State Farm has agreed to pay the Ramseys for temporary housing under the LOU provisions of the Policy to their satisfaction, and the LOU due under the Policy is not currently in dispute. To the extent that State Farm later denies or fails to pay all LOU benefits owed, the Ramseys reserve the right to amend the Complaint to assert recovery of all owed LOU



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

benefits under the State Farm Policy.

23. State Farm's failure to fully pay the Claim constitutes a breach of the Policy.

24. The Ramseys have performed all conditions precedent under the Policy.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Count 1: Express Breach of Contract)**

25. The Ramseys incorporate the preceding paragraphs as if fully stated herein.

26. The Policy constitutes a valid, enforceable contract between the Ramseys and State Farm.

27. State Farm breached the Policy by failing to fully pay the Claim pursuant to the terms of the Policy.

28. As a direct and proximate result of State Farm's breach of the Policy, the Ramseys have sustained damages in an amount to be proven at the time of trial, but which are anticipated to be at least $140,023.92.

29. The Ramseys are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

30. The Ramseys are entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of their damages was readily ascertainable as of the date of the Loss.

**(Count 2: Breach of the Implied Covenant of Good Faith and Fair Dealing)**

31. The Ramseys incorporate the preceding paragraphs as if fully stated herein.

32. The implied terms of the Policy include State Farm's promise to act in good faith and to deal fairly with the Ramseys in all matters related to the Policy, including the investigation, adjustment, coverage decision, and payment of the Claim.

33. State Farm breached the Policy's implied covenant of good faith and fair dealing during its evaluation, investigation, and adjustment of the Claim in at least the following ways:



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

a. Refusing to pay the full amount owed on the Claim without stating a reasonable basis for its refusal to pay;

b. Failing to acknowledge and act promptly upon communications relating to claims in violation of ORS 746.230(1)(b);

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims in violation of ORS 746.230(1)(c);

d. Refusing to pay claims without conducting a reasonable investigation based on all available information in violation of ORS 746.230(1)(d);

e. Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted in violation of ORS 746.230(1)(e);

f. Not attempting, in good faith, to settle the Claim when liability was reasonably clear, in violation of ORS 746.230(1)(f); and

g. Compelling the Ramseys to retain counsel to file a lawsuit to receive benefits owed under the Policy by refusing to pay the full amount owed on the Claim in violation of ORS 746.230(1)(g).

34. State Farm's refusal to act in good faith constitutes a breach of the Policy.

35. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, the Ramseys have suffered the economic loss of the contractual benefit of the contract in an amount to be proven at the time of trial, but in no event less than $140,023.92.

36. The Ramseys are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

37. The Ramseys are entitled to recover prejudgment interest pursuant to ORS 82.010 because the amount of their damages was readily ascertainable as of the date of the Loss.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

**SECOND CLAIM FOR RELIEF**

**(Negligence / Tortious Insurance Bad Faith)**

38. The Ramseys incorporate the preceding paragraphs as if fully stated herein.

39. State Farm is subject to a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As State Farm's insureds, the Ramseys were protected under law from specific practices, acts, or omissions by State Farm that are harmful and injurious to policyholders. The legal protection from improper practices, acts, or omissions by State Farm serves to, among other things, ensure that insurance companies promptly, thoroughly, and fairly investigate insurance claims, promptly and completely pay policyholders for all covered damages, and honestly represent to policyholders the coverage afforded by the insurance policy and the facts of the claim. In the context of property damage claims like this, the protections afforded to the Ramseys provided them with the assurance they would be able to promptly repair or replace their covered Property and return it to its pre-Loss condition. These guarantees serve as a safeguard for policyholders from the stress and emotional injuries associated with the insurance company mishandling an insurance claim.

40. As State Farm's policyholders, the Ramseys were members of the class of individuals protected from State Farm's negligent, improper, and injurious claim handling. As a result of State Farm's mishandling of their Claim, the Ramseys sustained reasonably foreseeable injuries.

41. State Farm negligently performed its obligations in its review, investigation, adjustment, and decision to not fully pay the Claim in one or more of the particulars outlined in paragraph 33, including all sub-paragraphs.

42. State Farm knew, or in the exercise of reasonable care as an insurance business, should have known, that one or more of the foregoing acts or omissions would create an unreasonable risk of harm to the Ramseys as its policyholders. As a business engaged in the



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

marketing and selling of insurance to provide coverage for homeowners who suffer covered property loss, State Farm knew or had reason to know that when it issues a homeowners insurance policy to policyholders that a foreseeable and probable consequence of its failure to provide insurance benefits in accordance with the Policy would be to cause the policyholder to suffer the adverse effects of having to unnecessarily and unreasonably be required to spend time, effort, and additional monetary resources, which results directly in stress, emotional harm, and financial hardship to the policyholders. State Farm also knew or had reason to know that when it issued the Policy that a primary reason policyholders purchase such insurance is to relieve the stress, emotional distress, and financial hardship caused by significant property losses, such as those caused by a covered property loss.

43. As a direct and proximate result of State Farm's negligent performance of its common law and statutory obligations owed to the Ramseys when administering the Policy, as detailed above in this Complaint, the Ramseys suffered the non-economic loss of increased stress, emotional distress, anxiety, loss of enjoyment of life, and resulting physical symptoms and harm. The Ramseys are entitled to recover non-economic damages in an amount to be proven at the time of trial, but not less than $100,000.00, each, for a total of $200,000.00.

44. The Ramseys were also directly and proximately harmed by State Farm's negligent performance of its common law and statutory obligations owed to the Ramseys by forcing them to liquidate stocks and other assets in order to partially fund repairs covered under the Claim, which caused them to incur taxes and other out-of-pocket costs, and to lose the future investment growth and earnings those assets would otherwise have generated had the Ramseys not been forced to prematurely liquidate them. The Ramseys are entitled to damages for State Farm's negligence in an amount to be proven at the time of trial, but which is currently estimated to be $20,000.00.



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Benjamin Michael Ramsey and Patricia R. Ramsey pray for judgment as follows:

1. That judgment be entered in favor of the Ramseys, and against State Farm, on each of the claims stated herein.

2. On the First Claim for Relief, including each separate count, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $140,023.92.

3. On the Second Claim for Relief, for damages in an amount to be proven with specificity at the time of trial, but anticipated to be no less than $220,000.00.

4. That they recover pre- and post-judgment interest at the maximum legal rate.

5. That they recover attorney fees and costs pursuant to ORS 742.061.

6. That they be awarded such other relief as is just and proper.

DATED this 31st day of August 2026.

FOREMAN STURM & THEDE LLP

By: */s/ Nicholas A. Thede*
**Nicholas A. Thede, OSB No. 075460**
nick.thede@foremansturm.com

By: */s/ Scott A. MacLaren*
**Scott A. MacLaren, OSB No. 123799**
scott@foremansturm.com

*Attorneys for Plaintiffs Benjamin Michael Ramsey and Patricia R. Ramsey*



FOREMAN STURM & THEDE, LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
Telephone: 503.206.5824